White, J.
The original action was not an equitable one brought for the specific performance of the agreement for the sale of the farm, and for the apportionment of the purchase money between the plaintiff and his principal. It was strictly an action in personam to recover damages from the defendants for the breach of the contract.
We deem it unnecessary now to inquire whether there was technical error in overruling the demurrer to the petition. The bill of exceptions clearly discloses the real ■character of the case. The claim which the plaintiff sought to enforce against the defendants consisted of the compensation to which he would have been entitled, under his agreement with his principal, if the agreement with the defendants for the sale of the farm had been performed. As his loss of this compensation resulted from the default, as he alleges, of the defendants, he claims the right to make them respond in damages to the extent that may be necessary to repair it. We think he has no such right.
The defendants were no parties to the agreement providing for this compensation. Their liability is to be ascertained from their own agreement, and the rule of damages is the same whether the suit is brought in the name of the principal, or in the name of the agent as one of the contracting parties. An agent entering into a contract for the sale of property of his principal, in which he binds himself *180 personally, acquires no greater rights against the purchaser, than he would acquire if he was contracting for the sale of his own property.
In this case it appears from the proof that the farm was-of greater value than the contract price; hence the damages could have been only nominal if the principal had sued, or if the plaintiff had owned the farm he contracted to sell. But upon the theory on which 'the case was tried and disposed of, in the court below, as the plaintiff’s compensation as agent was, by the terms of his employment, made dependent on the defendants fulfilling their agreement, they, on their default, became liable to him for the-loss of such compensation, although if there had been no-agency, they would only have beeu liable for nominal damages.
We think the law imposes on them no such liability.. The loss of such compensation was not the natural and proximate result of the breach, by the defendants, of their contract.
Judgment reversed, verdict set aside, and cause remanded..